9
ESTELA O. PINO, SBN 112975
epino@epinolaw.com
RAMANDEEP KAUR MAHAL, SBN 309301
rmahal@epinolaw.com
PINO & ASSOCIATES
1520 Eureka Rd., Suite 101
Roseville, CA 95661
Telephone: (916) 641-2288

Attorneys for Loris L. Bakken, Chapter 7 Trustee.

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>MCCUMBER'S GLASS, INC.,<br><br>Debtor. | Case No. 2024-23663-B-7<br><br>Chapter 7<br><br>DCN: P&A-8<br><br>**MOTION TO APPROVE COMPROMISE WITH NIELLO IMPORTS OF ROCKLIN, INC., DOING BUSINESS AS LAND ROVER ROCKLIN AND NIELLO IMPORTS II, INC. DOING BUSINESS AS JAGUAR LAND ROVER SACRAMENTO**<br><br>Date: August 27, 2026<br>Time: 11:00 A.M.<br>Dept: B<br>Courtroom: 32<br>Location: Robert T. Matsui United States Courthouse, 501 I Street, 6th Floor Sacramento, CA 95814.<br>Judge: Hon. Christopher D. Jaime |

Loris L. Bakken (sometimes "Ms. Bakken" or "Trustee"), the Chapter 7 Trustee in the above-captioned bankruptcy case, by and through her attorneys of record, respectfully submits the following Motion to Approve Compromise with Niello Imports of Rocklin, Inc., doing

business as Land Rover Rocklin and Niello Imports II, Inc. doing business as Jaguar Land Rover Sacramento ("Motion"). For those reasons more fully set forth herein, it is respectfully requested that this Motion be granted.

## I.
## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Court has jurisdiction to grant the relief sought pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

4. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). As such, the Bankruptcy Judge may enter a final order with regards to the Motion, to which the Trustee consents.

## II.
## RELIEF SOUGHT

The Motion seeks an order from this Court approving a compromise reached with Niello Imports of Rocklin, Inc., doing business as Land Rover Rocklin and Niello Imports II, Inc. doing business as Jaguar Land Rover Sacramento (collectively "Niello Imports"). Approval of the compromise is sought pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

The compromise has been reduced to writing within a written Settlement and Release Agreement ("Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached as **Exhibit 1** to the Separate List of Exhibits, filed concurrently herewith. In addition, the salient terms of the compromise are set forth hereinafter.

///

## III.
## EVIDENTIARY SUPPORT FOR THIS MOTION

This Motion is supported by the Declaration of Loris L. Bakken and the Separate List of Exhibits, filed and served concurrently herewith.

## IV.
## STATEMENT OF FACTS

1. On August 19, 2024, McCumber's Glass, Inc. ("Debtor"), by and through Karen McCumber, its Chief Executive Officer and authorized representative, ("Ms. McCumber") filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (ECF 1) commencing case number 2024-23663-B-7 ("Bankruptcy Case") in the United States Bankruptcy Court, in and for the Eastern District of California, Sacramento Division ("Court").

2. Ms. Bakken is the duly qualified, appointed, and acting Chapter 7 Trustee of the bankruptcy estate of McCumber's Glass, Inc. ("Estate"), and pursuant to 11 U.S.C. §323, the Trustee is the sole representative of the Estate.

3. Through her investigation of the Debtor's financial affairs and of records obtained by her, the Trustee learned that on or about October 16, 2022, a transfer was made to Niello Imports by the Debtor, via check number 19129, in the total amount of Twenty Thousand Dollars ($20,000) ("Transfer").

4. Through her investigation, the Trustee further learned that the Transfer was a down payment for the purchase of a 2022 Range Rover Velar ("Range Rover") by Ms. McCumber, the sole shareholder of the Debtor and an insider of the Debtor. Records obtained by the Trustee also reflect that the title to the Range Rover was taken in the name of Ms. McCumber, and not in the name of the Debtor.

5. On or about May 13, 2026, the Trustee, by and through her counsel,

transmitted a demand letter to Niello Imports seeking turnover of the Transfer in the amount of twenty thousand dollars ($20,000) ("Demand Letter").

6. Niello Imports responded in a timely manner to the Demand Letter and denied any liability to the Estate on account of the Transfer. Niello Imports, however, expressed its intent to resolve any disputes (collectively "Disputes"), without the need for litigation.

7. In order to resolve the Disputes, negotiations ensued between the Trustee's counsel and Carson Niello, counsel for Niello Imports, and a pre-litigation settlement was reached, in principle.

8. Pursuant to the compromise, the Disputes between the Trustee and Niello Imports (collectively the "Parties" and singularly the "Party") have been resolved without the need for litigation, subject to the approval of the Court.

9. The settlement reached with Niello Imports has since been documented and reduced to writing within the Settlement Agreement (**Exhibit 1**). The salient terms of the compromise are set forth hereinafter. **All creditors and parties in interest are encouraged to carefully review the Settlement Agreement.**

## V.
## SALIENT TERMS OF THE COMPROMISE

The salient terms of the compromise are as follows:

### A. CONDITIONS PRECEDENT TO THE SETTLEMENT:

1. The compromise shall have no force and effect until it is approved by the Court, after notice and a hearing. This Motion is being filed in order to obtain such approval.

### B. THE EFFECTIVE DATE OF THE SETTLEMENT:

2. The Effective Date of the settlement shall be the date on which an order granting

this Motion is entered on the docket of the Bankruptcy Case (the "Effective Date").

**C. SALIENT SETTLEMENT TERMS:**

3. Within five (5) calendar days of the Effective Date, Niello Imports shall make a payment to the Trustee in the amount of Fifteen Thousand Dollars ($15,000), in good funds, via check made payable to "Loris L. Bakken, Chapter 7 Trustee of Bankruptcy Estate of McCumber's Glass, Inc." and transmit the check to the Trustee at the following address:

Loris L. Bakken, Chapter 7 Trustee
2715 W. Kettleman Ln.
Suite 203-334
Lodi, CA 95242.

4. The Payment shall be confirmed as property of the Estate, free and clear of any claims of Niello Imports.

5. Niello Imports acknowledges and agrees that it has no claim against the Trustee or the Estate. Further, Niello Imports has agreed not to file a Proof of Claim in the Bankruptcy Case and shall not file a Proof of Claim in the Bankruptcy Case.

**D. GENERAL RELEASES AND OTHER CLAUSES:**

6. Pursuant to the Settlement Agreement, the Parties have exchanged mutual general releases, including waivers of the protections afforded by California Civil Code Section 1542. Specifically, pursuant to the Settlement Agreement, the Trustee, on behalf of the Estate, will provide Niello Imports general releases, including waivers of the protections afforded by California Civil Code Section 1542, effective when the Trustee receives the Payment and the Payment clears the Trustee's bank.

7. Pursuant to the Settlement Agreement, the Trustee is not releasing any claim(s)

asserted by her or which may be asserted by her against Ms. McCumber and/or JPMorgan Chase Bank, N.A.

8. Each Party shall bear her/its own attorneys' fees and costs up to and including the Effective Date. However, if an action is brought in connection with any controversy arising out of the Settlement Agreement or to interpret or enforce any rights or obligations under the Settlement Agreement, the prevailing Party shall be entitled to recover from the defaulting Party her/its reasonable attorneys' fees and costs incurred in connection with such suit, action, or other proceeding of any nature whatsoever.

9. The Court shall retain original, sole, and exclusive jurisdiction to interpret and/or enforce the Settlement Agreement and/or any order approving the Settlement Agreement. Pursuant to the Settlement Agreement, the Parties consent to the issuance of final orders by this Court relating to enforcement and/or interpretation of the Settlement Agreement and any order approving the Settlement Agreement.

## VI.
## ARGUMENT

Approval of a compromise is governed by Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019"). In evaluating whether a Rule 9019 motion should be granted, the Court should consider whether the compromise is fair and equitable. *In re Planned Protective Service, Inc.,* 130 B.R. 94, 96 (Bankr. C.D. Cal. 1991). Furthermore, in evaluating a compromise, the Court should consider the following factors:

> 1) the probability of success in the litigation;
> 2) the difficulties, if any, to be encountered in the matter of collection;
> 3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;

///

4) the paramount interest of the creditors and a proper deference to their reasonable views.

*Id.* (*citing In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986)).

**A. PROBABILITY OF SUCCESS IN LITIGATION:**

The Trustee believes that her claims against Niello Imports are meritorious. Litigation will require preparation of a Complaint, pretrial proceedings, discovery and/or motions. This will involve expenditure of attorneys' fees and costs. The pre-litigation settlement minimizes any risk of loss and any delays that could be caused by litigation. The Parties to the compromise are ready and willing to consummate the contemplated covenants under the Settlement Agreement. Pursuant to the compromise, Niello Imports has agreed to pay Fifteen Thousand Dollars ($15,000) to the Trustee for the benefit of the Estate, which is seventy-five percent (75%) of the amount demanded by the Trustee within the Demand Letter, without the need for litigation.

**B. DIFFICULTIES TO BE ENCOUNTERED IN COLLECTION:**

The Trustee has entered into a pre-litigation settlement with Niello Imports, a well known and reputable local business. The Trustee does not believe that there will be any difficulties encountered in collecting from Niello Imports. Litigation will cause expense and delays.

**C. COMPLEXITY, EXPENSE, AND INCONVENIENCE OF LITIGATION:**

This factor highly weighs in favor of the Settlement Agreement. Litigation of the Disputes will only add to the costs, increase administrative claims, and cause delays in the administration of the Estate. The compromise resolves all Disputes between the Parties, without the need for expensive, protracted litigation, while realizing a significant amount for the Estate.

**D. PARAMOUNT INTEREST OF CREDITORS:**

The views of the creditors of the Estate is of paramount importance to the Trustee as the

representative of the Estate. All creditors and parties in interest will receive the notice of this Motion. Creditors may, therefore, express their views to the Court regarding the compromise.

## VII.
## CONCLUSION

This Motion seeks approval of the compromise reached between the Parties. The Trustee believes that approval of the settlement will be in the best interest of the Estate and the creditors. If the pre-litigation compromise is approved, the Disputes between the Parties will be resolved, without the need to commence litigation, which would also increase the Estate's administrative expenses and cause delay in the administration of the Estate. The compromise reached with Niello Imports will add Fifteen Thousand Dollars ($15,000) to the Estate, which is seventy-five percent (75%) of the amount demanded, without the need for litigation. It is respectfully submitted that the *Woodson* factors support approval of the compromise. Accordingly, for those reasons more fully set forth above, the settlement reached between the Parties should be approved.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order as follows:

1. Granting this Motion; and

2. Approving the Settlement Agreement, which is attached as **Exhibit 1** to the Separate List of Exhibits, filed concurrently herewith; and

3. Authorizing the Trustee to execute all documents and to take such other actions as may reasonably be necessary to further the purposes of the settlement and/or to give full force and effect to the terms and intent of the settlement; and

///

///

4. Retaining original and exclusive jurisdiction to interpret and enforce the Settlement Agreement and any order granting this Motion; and

5. For such further relief as is fair, just, and equitable, whether or not specifically requested herein.

Dated August 4, 2026

Respectfully submitted,
**PINO & ASSOCIATES**

By:____________________________
Estela O. Pino, Attorneys for
Chapter 7 Trustee – Loris. L. Bakken.