9

ESTELA O. PINO, SBN 112975
epino@epinolaw.com
RAMANDEEP KAUR MAHAL, SBN 309301
rmahal@epinolaw.com
PINO & ASSOCIATES
1520 Eureka Rd., Suite 101
Roseville, CA 95661
Telephone: (916) 641-2288

Attorneys for Loris L. Bakken, Chapter 7 Trustee.

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>MCCUMBER'S GLASS, INC.,<br><br>Debtor. | Case No. 2024-23663-B-7<br><br>Chapter 7<br><br>DCN: P&A-10<br><br>**MOTION TO APPROVE COMPROMISE WITH FAITH CHRISTIAN SCHOOL, INC.**<br><br>Date: August 27, 2026<br>Time: 11:00 A.M.<br>Dept: B<br>Courtroom: 32<br>Location: Robert T. Matsui United States Courthouse, 501 I Street, 6th Floor Sacramento, CA 95814.<br>Judge: Hon. Christopher D. Jaime |

Loris L. Bakken (sometimes "Ms. Bakken" or "Trustee"), the Chapter 7 Trustee in the above-captioned bankruptcy case, by and through her attorneys of record, respectfully submits the following Motion to Approve Compromise with Faith Christian School, Inc. ("Motion"). For those reasons more fully set forth herein, it is respectfully requested that this Motion be granted.

## I.
## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Court has jurisdiction to grant the relief sought pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

4. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). As such, the Bankruptcy Judge may enter a final order with regards to the Motion, to which the Trustee consents.

## II.
## RELIEF SOUGHT

The Motion seeks an order from this Court approving a compromise reached with Faith Christian School, Inc. ("School"). Approval of the compromise is sought pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

The compromise has been reduced to writing within a written Settlement and Release Agreement ("Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached as **Exhibit 1** to the Separate List of Exhibits, filed concurrently herewith. In addition, the salient terms of the compromise are set forth hereinafter.

## III.
## EVIDENTIARY SUPPORT FOR THIS MOTION

This Motion is supported by the Declaration of Loris L. Bakken and the Separate List of Exhibits, filed concurrently herewith.

///

## IV.
## STATEMENT OF FACTS

1. On August 19, 2024, McCumber's Glass, Inc. ("Debtor"), by and through Karen McCumber, its Chief Executive Officer and authorized representative, ("Ms. McCumber") filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (ECF 1) commencing case number 2024-23663-B-7 ("Bankruptcy Case") in the United States Bankruptcy Court, in and for the Eastern District of California, Sacramento Division ("Court").

2. Ms. Bakken is the duly qualified, appointed, and acting Chapter 7 Trustee of the bankruptcy estate of McCumber's Glass, Inc. ("Estate"), and pursuant to 11 U.S.C. § 323, the Trustee is the sole representative of the Estate.

3. Through her investigation of the Debtor's financial affairs and of records obtained by her, the Trustee learned that between January 14, 2021, and June 5, 2023, inclusive, transfers were made to the School by the Debtor in the total amount of Thirty-One Thousand Nine Hundred Thirty-eight Dollars and 50/100 ($31,938.50) (collectively "Transfers") for tuition, childcare, and contributions made for the grandchildren of Katherine McCumber and great grandchildren of Ms. McCumber. Both, Katherine McCumber and Ms. McCumber are insiders of the Debtor.

4. The Debtor did not benefit from the Transfers and received absolutely no consideration in exchange for the Transfers.

5. On or about May 13, 2026, the Trustee, by and through her counsel, transmitted a demand letter to the School seeking turnover of the Transfers in the amount of Thirty-One Thousand Nine Hundred Thirty-Eight Dollars and 50/100 ($31,938.50) ("Demand Letter").

6. The School responded to the Demand Letter and denied any liability to the Estate on account of the Transfers. The School, however, by and through Geoffrey Harris, its Board President, and later through its counsel, Michael Benavides of Law Office of Michael Benavides ("Mr. Benavides"), expressed its intent to resolve any disputes (collectively "Disputes"), without the need for litigation.

7. In order to resolve the Disputes, negotiations ensued between the Trustee's counsel and Mr. Benavides, and a pre-litigation settlement was reached, in principle.

8. Pursuant to the compromise, the Disputes between the Trustee and the School (collectively the "Parties" and singularly the "Party") have been resolved without the need for litigation, subject to the approval of the Court.

9. The settlement reached with the School has since been documented and reduced to writing within the Settlement Agreement (**Exhibit 1**). The salient terms of the compromise are set forth hereinafter. **All creditors and parties in interest are encouraged to carefully review the Settlement Agreement.**

## V.
## SALIENT TERMS OF THE COMPROMISE

The salient terms of the compromise are as follows:

### A. CONDITIONS PRECEDENT TO THE SETTLEMENT:

1. The compromise shall have no force and effect until it is approved by the Court, after notice and a hearing. This Motion is being filed in order to obtain such approval.

### B. THE EFFECTIVE DATE OF THE SETTLEMENT:

2. The Effective Date of the settlement shall be the date on which an order granting this Motion is entered on the docket of the Bankruptcy Case ("Effective Date").

**C. SALIENT SETTLEMENT TERMS:**

3. The School shall support this Motion.

4. The School shall make a payment to the Trustee in the amount of Fifteen Thousand Nine Hundred Sixty-nine Dollars and 25/100 ($15,969.25), in good funds, ("Payment") as full and final settlement of the Disputes, as follows:

a. Within ten (10) calendar days of the Effective Date, the School shall pay the Trustee the first installment in the sum of Ten Thousand Dollars ($10,000), in good funds, ("First Installment"); and

b. Within thirty (30) calendar days of the Effective Date, the School shall pay the Trustee the second and final installment in the sum of Five Thousand Nine Hundred Sixty-nine Dollars and 25/100 ($5,969.25), in good funds, ("Second Installment"); and

c. The First Installment and the Second Installment shall be made by the School to the Trustee via checks made payable to "Loris L. Bakken, Chapter 7 Trustee of Bankruptcy Estate of McCumber's Glass, Inc." and transmitted to the Trustee at the following address:

Loris L. Bakken, Chapter 7 Trustee
2715 W. Kettleman Ln.
Suite 203-334
Lodi, CA 95242.

5. The Payment shall be confirmed as property of the Estate, free and clear of any claims of the School.

6. The School acknowledges and agrees that it has no claim against the Trustee or the Estate. Further, the School has agreed not to file a Proof of Claim in the Bankruptcy Case and shall not file a Proof of Claim in the Bankruptcy Case.

**D. GENERAL RELEASES AND OTHER CLAUSES:**

7. Pursuant to the Settlement Agreement, the Parties have exchanged mutual general releases, including waivers of the protections afforded by California Civil Code Section 1542. Specifically, pursuant to the Settlement Agreement, the Trustee, on behalf of the Estate, will provide the School general releases, including waivers of the protections afforded by California Civil Code Section 1542, effective when the Trustee receives the Payment and the Payment clears the Trustee's bank.

8. Each Party shall bear her/its own attorneys' fees and costs up to and including the Effective Date. However, if an action is brought in connection with any controversy arising out of the Settlement Agreement or to interpret or enforce any rights or obligations under the Settlement Agreement, the prevailing Party shall be entitled to recover from the defaulting Party her/its reasonable attorneys' fees and costs incurred in connection with such suit, action, or other proceeding of any nature whatsoever.

9. The Court shall retain original, sole, and exclusive jurisdiction to interpret and/or enforce the Settlement Agreement and/or any order approving the Settlement Agreement. Pursuant to the Settlement Agreement, the Parties consent to the issuance of final orders by this Court relating to enforcement and/or interpretation of the Settlement Agreement and any order approving the Settlement Agreement.

## VI. ARGUMENT

Approval of a compromise is governed by Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019"). In evaluating whether a Rule 9019 motion should be granted, the Court should consider whether the compromise is fair and equitable. *In re Planned Protective Service,*

*Inc.*, 130 B.R. 94, 96 (Bankr. C.D. Cal. 1991). Furthermore, in evaluating a compromise, the Court should consider the following factors:

> 1) the probability of success in the litigation;
> 2) the difficulties, if any, to be encountered in the matter of collection;
> 3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;
> 4) the paramount interest of the creditors and a proper deference to their reasonable views.

*Id. (citing In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986)).

**A. PROBABILITY OF SUCCESS IN LITIGATION:**

The Trustee believes that her claims against the School are meritorious. Litigation will require preparation of a Complaint, pretrial proceedings, discovery and/or motions. This will involve expenditure of additional attorneys' fees and costs. The pre-litigation settlement minimizes any risk of loss and any delays that could be caused by litigation. The Parties to the compromise are ready and willing to consummate the contemplated covenants under the Settlement Agreement. Pursuant to the compromise, the School has agreed to pay Fifteen Thousand Nine Hundred Sixty-nine Dollars and 25/100 ($15,969.25) to the Trustee for the benefit of the Estate, which is fifty percent (50%) of the amount demanded by the Trustee within the Demand Letter, without the need for litigation.

**B. DIFFICULTIES TO BE ENCOUNTERED IN COLLECTION:**

The Trustee has entered into a pre-litigation settlement with the School. The Trustee does not believe that there will be any difficulties encountered in collecting from the School. The School is a nonprofit under 26 U.S.C. § 501(c)(3), and under federal law it must file an IRS Form 990. These returns (including Form 990 schedules) are matter of public record and the Trustee and her counsel have reviewed the Form 990 returns filed by the School in 2025. Based on the

IRS Form 990 filed by the School in 2025, it appears that the School has sufficient net assets to make the Payment. Litigation will only cause additional expense and delays.

**C. COMPLEXITY, EXPENSE, AND INCONVENIENCE OF LITIGATION:**

This factor highly weighs in favor of the Settlement Agreement. Litigation of the Disputes will only add to the costs, increase administrative claims, and cause delays in the administration of the Estate. The compromise resolves all Disputes between the Parties, without the need for expensive, protracted litigation, while realizing a significant return for the Estate.

**D. PARAMOUNT INTEREST OF CREDITORS:**

The views of the creditors of the Estate are of paramount importance to the Trustee as the representative of the Estate. All creditors and parties in interest will receive notice of this Motion and will have the opportunity to express their views. Creditors may, therefore, express their views to the Court regarding the compromise.

## VII. CONCLUSION

This Motion seeks approval of the compromise reached between the Parties. The Trustee believes that approval of the settlement will be in the best interest of the Estate and the creditors. If the pre-litigation compromise is approved, the Disputes between the Parties will be resolved, without the need to commence litigation, which would also increase the Estate's administrative expenses and cause delay in the administration of the Estate. The compromise reached with the School will add Fifteen Thousand Nine Hundred Sixty-nine Dollars and 25/100 ($15,969.25) to the Estate, which is fifty percent (50%) of the amount of the Transfers, without the need for litigation. It is respectfully submitted that the *Woodson* factors support approval of the

compromise. Accordingly, for those reasons more fully set forth above, the settlement reached between the Parties should be approved.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order as follows:

1. Granting this Motion; and

2. Approving the Settlement Agreement, which is attached as **Exhibit 1** to the Separate List of Exhibits, filed concurrently herewith; and

3. Authorizing the Trustee to execute all documents and to take such other actions as may reasonably be necessary to further the purposes of the settlement and/or to give full force and effect to the terms and intent of the settlement; and

4. Retaining original and exclusive jurisdiction to interpret and enforce the Settlement Agreement and any order granting this Motion; and

5. For such further relief as is fair, just, and equitable, whether or not specifically requested herein.

Dated: August 5, 2026

Respectfully submitted,
**PINO & ASSOCIATES**

By:______________________________
Estela O. Pino, Attorneys for
Chapter 7 Trustee – Loris. L. Bakken.